UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOWLERS' ALLEY, INC.
d/b/a EASTLAND BOWLING CENTER,
a Michigan corporation,

    Plaintiff,                                              Case No.

v.                                                        Honorable

THE CINCINNATI INSURANCE
COMPANY, a foreign corporation,

    Defendant.

---

Clifford J. De Vine (P27681)
David J. DeVine (P70012)
**BUTZEL LONG, a professional corporation**
150 W. Jefferson Suite 100
Detroit, Michigan 48226
(313) 225-7000 – telephone
(313) 225-7080 – facsimile
devinec@butzel.com
devine@butzel.com
Attorneys for Plaintiff

---

## COMPLAINT

### I.    THE PARTIES

1.    Plaintiff, Bowers' Alley, Inc. ("Bowlers"), d/b/a Eastland Bowling Center ("Eastland"), is a Michigan corporation in good standing with its registered

1

office located in Oakland County, Michigan.  Plaintiff operates a bowling center that serves food, beverages, alcoholic beverages, and has other recreational games onsite.

2. Defendant, the Cincinnati Insurance Company ("Cincinnati") is a foreign insurance company registered to do business in Michigan, and is subject to personal jurisdiction in this District, with its corporate offices located in Cincinnati, Ohio.

## II.   THIS ACTION ARISES OUT OF AN INSURANCE POLICY.

3. This action arises out of a policy of insurance ("the Policy") number ENP 007 25 59, entered into between Plaintiff and Defendant with an initial policy period of 3/17/11 to 3/17/2014.  A true copy of the Policy is attached as Exhibit 1.

4. The amount in controversy exceeds $1 million.

## III.   JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

6. Venue is proper pursuant to 28 U.S.C. § 1391(a)-(d).

## IV.   DECLARATORY JUDGMENT

7. The Policy afforded insurance to Plaintiff for *inter alia* property damage in accordance with the terms, conditions, limitations and amounts defined in the Policy.

8. The Plaintiff suffered a covered loss on May 17, 2012, when a pipe burst in the building which was insured, causing tens of thousands of gallons of water to flood the building, and damage and destroy the wooden bowling lanes, electronic scoring, much of the overhead lighting system and other parts of the building and personal property. The total loss exceeds $2.6 million.

9. Plaintiff immediately reported the loss to Defendant and mitigated damages by having ServPro, a company engaged in the commercial restoration business, begin water damage restoration work.

10. Defendant's claims representative, Ms. Denise Armstrong, visited the premises one time only on May 30, 2012. Thereafter, Defendant retained the services of Chenard and Osborne to assist it in adjusting this loss. Chenard's agent, Mr. Scott Whaley, visited the site one time only on July 31, 2012. By the end of September, 2012, Defendant had paid approximately $600,000 of Plaintiff's claims; but, since that date it has not promptly responded to Plaintiff's numerous communications regarding lane removal and replacement, electrical work, and mold issues.

11. On February 1, 2013, Defendant sent Plaintiff a reservation of rights letter (Exhibit 2).

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

12. It was not until April 4, 2013 that Defendant sent Plaintiff a request for a Proof of Loss. Plaintiff was granted an extension of time by Defendant to produce the Proof of Loss.

13. Plaintiff provided Defendant with an extensive Proof of Loss (Exhibit 3) on June 18, 2013.

14. Defendant rejected the Proof of Loss on July 17, 2013 (Exhibit 4).

15. Defendant's rejection of the Proof of Loss is unreasonable; and, its alleged reasons for the rejection are false and untrue.

16. Plaintiff responded to Defendant on August 16, 2013 (Exhibit 5) and demanded that Defendant proceed to process its claim immediately. A response dated August 30, 2013 was sent by Cincinnati (Exhibit 6). The response amounts to a continued refusal of Defendant to timely pay Plaintiff's claim.

17. Plaintiff's business has been shut down since the date of loss and Plaintiff cannot contract for all of the repairs necessary to reopen the facility until this claim is resolved, as more than $2 million is owed to Plaintiff by Defendant.

18. Defendant's failure to timely pay Plaintiff's claim as required by M.C.L. § 500.2006 is bad faith.

19. Defendant's conduct amounts to an unfair and/or deceptive act or practice which is proscribed by M.C.L. § 500.2026.

20. Under these facts, there is an actual controversy between the parties.

21. This Court has the power under F.R.C.P. 57 and 28 U.S.C. § 2201 to adjudicate the matters at issue and enter its judgment declaring the rights of the parties to this action.

WHEREFORE, Plaintiff prays that this Court order that Defendant has a legal obligation to pay Plaintiff's claim as detailed in its Proof of Loss (Exhibit 3), along with penalty interest as mandated by M.C.L. § 500.2006, and actual costs and attorney fees so wrongfully incurred; along with such other relief as is appropriate.

### V. **BREACH OF CONTRACT**

22. Plaintiff incorporates by reference paragraphs 1-21 above as if set forth herein word-for-word.

23. Plaintiff has paid all of its premiums and has fulfilled all of its responsibilities under the Policy and is entitled to all of the benefits of the Policy arising from the loss of May 17, 2012.

24. Defendant has breached its contract of insurance with Plaintiff by failing to pay Plaintiff's claim completely and timely.

25. Plaintiff has incurred direct, consequential and statutory damages as a result of Defendant's breach.

WHEREFORE, Plaintiff prays that this Court order Defendant to pay Plaintiff's claim as detailed in its Proof of Loss (Exhibit 3), along with penalty

interest as mandated by M.C.L. § 500.2006; actual costs and attorney fees so wrongfully incurred; consequential damages and such other relief as is appropriate.

        Respectfully submitted,

        **BUTZEL LONG, a professional corporation**

        By: /s/Clifford J. De Vine
            Clifford J. De Vine (P27681)
            David J. DeVine (P70012)
        150 W. Jefferson Suite 100
        Detroit, Michigan 48226
        (313) 225-7000 – telephone
        (313) 225-7080 – facsimile
        devinec@butzel.com
        devine@butzel.com
        Attorneys for Plaintiff

Dated: September 5, 2013