UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOWLERS' ALLEY, INC.,

               Plaintiff,                           Case Number 13-13804
v.                                          Honorable David M. Lawson

THE CINCINNATI INSURANCE
COMPANY,

               Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

The plaintiff's bowling establishment was heavily damaged when pipes burst and flooded the premises. Its insurer, defendant Cincinnati Insurance Company, made initial loss payments of approximately $600,000. But when the plaintiff submitted a proof of loss that asserted a total loss of $2.6 million, Cincinnati balked and refused to make further payments. The present lawsuit resulted.

Presently before the Court is the insurance company's motion to dismiss, alleging that the plaintiff admitted in its complaint that it did not comply with a policy requirement that it submit to an examination under oath (EUO) to answer questions about its loss. The failure to do so, says Cincinnati, absolves the insurer of its obligation to pay the claim. The Court heard argument on the motion on April 2, 2014. The complaint plainly states that no EUO occurred. But the complaint can be read two ways. Cincinnati's version is that an EUO was requested, no such examination ever occurred, and the plaintiff's refusal bars its claim. The plaintiff reads its complaint as stating that it has complied with all conditions of the policy, presented all of the documentation to which it had access in order to substantiate its proof of loss, and in fact demanded that a prompt EUO be scheduled when it was advised that the defendant wanted one. The plaintiff asserts that no EUO

ever occurred because Cincinnati refused to schedule one, and instead responded only with repeated "warnings" that Bowler's Alley had not complied with its duties and demands for more documentation. Because the plaintiff's version is plausible and would not result in a claim bar, and because the choice between to two competing versions of the facts is not one the Court makes at the pleading stage, the defendant's motion to dismiss will be denied.

## I.

According to the complaint, the plaintiff's bowling alley facility was damaged by a May 2012 flood at that resulted from burst water pipes. The flood damaged a number of wooden bowling lane surfaces, and the plaintiff alleges that high levels of humidity and condensation in the days after the event also caused the failure of numerous light fixtures, although the actual flooding only occurred on or below the floor of the facility. Cincinnati had issued a hazard insurance policy that covered the premises. As mentioned, after the plaintiff contacted the insurer, it paid out more than $600,000 based on early estimates that called for resurfacing of the damaged alleys with synthetic overlays, but that amount did not include the claimed damage to light fixtures and certain other expenses for debris removal and general contracting.

On April 4, 2013, Cincinnati sent the plaintiff a request for a proof of loss. Bowler's Alley requested and Cincinnati granted an extension of time to complete the proof of loss. On June 18, 2013, the plaintiff submitted a sworn "interim" statement of proof of loss, which Cincinnati rejected on July 17, 2013. The rejection letter set forth in detail nine categories of items and amounts included in the proof of loss that Cincinnati claimed were not covered, insufficiently documented, or contradictory to previous statements regarding the extent of the loss and damages. The complaint

-2-

alleges without elaboration that Cincinnati's "rejection of the Proof of Loss is unreasonable; and, its alleged reasons for the rejection are false and untrue."  Compl. ¶ 15.

On August 16, 2013, the plaintiff responded by letter and demanded that Cincinnati proceed to process its claim immediately.  In that letter, the plaintiff addressed each of the items of asserted deficiency in turn, contending that the items were allowable and appropriate, and that it previously had supplied adequate documentation, or soon would provide documentation, to substantiate each item.  On August 30, 2013, Cincinnati sent a letter setting forth its continued discontent with the items pointed out in its earlier rejection letter, asserting that the August 16, 2013 letter was nonresponsive to various requests, and stating that certain requested documents still had not been provided.  The complaint alleges that this letter "amounts to a continued refusal of Defendant to timely pay Plaintiff's claim."  Compl. ¶ 16.

The only references to an examination under oath in the pleadings and attached documents appear in the July 17, 2013 rejection letter and the August 16, 2013 response.  In its rejection letter, Cincinnati stated:

> In addition to requesting the documentation identified above, we will also ask our attorneys, Gregory and Meyer, P.C., to arrange for Examinations Under Oath pursuant to the policy Duties.  Please forward the requested documentation to us as soon as possible so that we can continue our analysis of your claim and coverage under the policy.

Compl., Ex. 4 at 12.  In its response, Bowler's Alley stated:

> Please be advised that nothing contained herein shall limit my client's ability to pursue and obtain all benefits to which it is entitled under the policy.  Mr. Langan is ready, willing, and able to participate in providing you with a statement under oath. I demand that such a statement be conducted in the immediate future and that this claim be promptly resolved.

Compl., Ex. 5 at 3.

-3-

In "Section D" of the policy, entitled "Loss Conditions," the policy states that in the event of loss or damage, the insured must:

(5)     At our request, give us complete inventories of the damaged and undamaged property.  Include quantities, costs, values and amount of "loss" claimed.

(6)     As often as may be reasonably required, permit us to inspect the property proving the "loss" and examine your books and records.  Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis and permit us to make copies from your books and records.

(7)     Submit a signed sworn proof of loss containing the information we request to investigate the claim.  You must do this within 60 days after our request. We will supply you with the necessary forms.

(8)     Cooperate with us in the investigation or settlement of the claim.

Compl., Ex. 1, Policy at 27.  The policy also states that the insurer "may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required about any matter relating to this insurance or the claim, including an insured's books and records." *Id.* at 28.

The "Commercial Property Conditions" supplement to the policy states that "[n]o one may bring a legal action against [the insurer]" unless (1) "[t]here has been full compliance with all terms of [Section D]"; and "[t]he action is brought within 2 years after the date on which the direct 'physical' loss occurred."  Def.'s Mot. to Dismiss, Ex. B, Policy at 65.

The complaint states that "Plaintiff has paid all of its premiums and has fulfilled all of its responsibilities under the Policy and is entitled to all of the benefits of the Policy arising from the loss of May 17, 2012," Compl. ¶ 23, and "Defendant has breached its contract of insurance with Plaintiff by failing to pay Plaintiff's claim completely and timely," *id.* ¶ 24.

Bowler's Alley filed its complaint on September 6, 2013.  The complaint asserts a single claim for breach of contract, and the plaintiff demands a judgment declaring that the defendant is

-4-

obligated to pay the full amount stated in the plaintiff's proof of loss.  Cincinnati responded with a motion to dismiss, alleging that the complaint fails to state a redressable claim for relief.

## II.

The motion is based on Federal Rule of Civil Procedure 12(b)(6).  "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief if all the facts and allegations in the complaint are taken as true."  *Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416, 419 (6th Cir. 2001) (citing *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)).  Under Rule 12(b)(6), the complaint is viewed in the light most favorable to the plaintiff, the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in the plaintiff's favor.  *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).  "[A] judge may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations."  *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 228-29 (6th Cir. 1997) (quoting *Columbia Nat'l Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  "However, while liberal, this standard of review does require more than the bare assertion of legal conclusions."  *Tatum*, 58 F.3d at 1109; *Tackett v. M & G Polymers, USA, L.L.C.*, 561 F.3d 478, 488 (6th Cir. 2009).

> To survive a motion to dismiss, [a plaintiff] must plead "enough factual matter" that, when taken as true, "state[s] a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007).  Plausibility requires showing more than the "sheer possibility" of relief but less than a "probab[le]" entitlement to relief.  *Ashcroft v. Iqbal*, [556 U.S. 662, 678] (2009).

*Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278, 280 (6th Cir. 2010).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

-5-

Under the new regime ushered in by *Twombly* and *Iqbal*, pleaded facts must be accepted by reviewing courts but conclusions may not be credited unless they are plausibly supported by the pleaded facts. "[B]are assertions," such as those that "amount to nothing more than a 'formulaic recitation of the elements'" of a claim, can provide context to the factual allegations, but are insufficient to state a claim for relief and must be disregarded. *Iqbal*, 556 U.S. at 681 (quoting *Twombly*, 550 U.S. at 555). However, as long as a court can "'draw the reasonable inference that the defendant is liable for the misconduct alleged,' a plaintiff's claims must survive a motion to dismiss." *Fabian*, 628 F.3d at 281 (quoting *Iqbal*, 556 U.S. at 678).

"In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed. But when denying that a condition precedent has occurred or been performed, a party must do so with particularity." Fed. R. Civ. P. 9(c).

Consideration of a motion to dismiss under Rule 12(b)(6) is confined to the pleadings. *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008). Assessment of the facial sufficiency of the complaint ordinarily must be undertaken without resort to matters outside the pleadings. *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010). However, "documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)); *see also Koubriti v. Convertino*, 593 F.3d 459, 463 n.1 (6th Cir. 2010). Even if a document is not attached to a complaint or answer, "when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Commercial Money Ctr.*, 508 F.3d at 335-36. The insurance

policy in this case certainly qualifies as a document to which reference may be made when considering a Rule 12(b) motion. So do the letters attached to the complaint.

However, both parties in their briefs have embarked on an extensive — and at this stage of the proceedings wholly irrelevant — discussion of the precise chronology of their communications regarding the alleged request for and refusal to submit to an examination under oath. They both reference documents and events that are not part of the pleadings or attachments to the complaint, and they criticize each other for doing so. All of the referenced information likely will have a great deal of importance when the Court reaches the question whether the parties reasonably complied with their contractual obligations, which no doubt will form a central issue in their inevitable motions for summary judgment. However, at this stage of the case, the Court will confine its discussion to the materials allowed under Rule 12.

The defendant argues that the plaintiff cannot proceed on its claim for breach because it has not carried its "extraordinarily difficult to meet" burden of demonstrating (1) that it has not engaged in a pattern of noncooperation, and (2) that it has not withheld any material information in response to the insurer's request for documents. The defendant relies principally on *Thomson v. State Farm Insurance Company*, 232 Mich. App. 38, 592 N.W.2d 82 (1998), which it cites for its apparent proposition that an insured not only must establish its full compliance with the policy provisions, but also must satisfy a sort of heightened pleading standard in its complaint by affirmatively demonstrating its full compliance with the policy provisions and establishing that it fully satisfied all demands for documentation and any request for an examination under oath.

Cincinnati reads too much into the *Thompson* decision, misstates Michigan law on the subject, and ignores the general requirements for pleading under the Federal Rules of Civil Procedure.

To state a claim for breach of contract under Michigan law, a plaintiff first must establish the elements of a valid contract. *Pawlak v. Redox Corp.*, 182 Mich. App. 758, 765, 453, N.W.2d 304, 307 (1990). A valid contract is formed when there are 1) parties competent to contract, 2) a proper subject matter, 3) a legal consideration, 4) mutuality of agreement, and 5) mutuality of obligation. *Thomas v. Leja*, 187 Mich. App. 418, 468 N.W.2d 58, 60 (1990). Once a valid contract has been established, the plaintiff then must prove (1) the terms of the contract, (2) breach of those terms by the defendant, and (3) injury to the plaintiff resulting from the breach. *In re Brown*, 342 F.3d 620, 628 (6th Cir. 2003). The plaintiff has pleaded facts in its complaint which establish each of those elements.

In *Thomson v. State Farm Insurance Company*, the Michigan Court of Appeals discussed the consequences of an insured's refusal to submit to an EUO that was requested by its insurer. In that case, the plaintiffs suffered a theft loss at their residence and made a claim to their homeowner's insurer. They gave unsworn statements to the adjuster, but when asked for an EUO, they flat out refused and filed suit when the claim was not paid. Shortly after the lawsuit was filed, the court of appeals decided *Yeo v. State Farm Ins. Co.*, 219 Mich. App. 254, 555 N.W.2d 893 (1996), which held that when an insurer requests an EUO, the insured must submit to it before bringing suit. If the insured does not submit, then the case should be dismissed without prejudice and should not be refiled until the EUO occurs. *Id.* at 255, 555 N.W.2d at 894. When the Thompsons learned of *Yeo*'s holding, they offered to submit to an EUO. It is not clear that they ever did, but the trial court

-8-

denied the insurer's motion for summary judgment.  The insurance company appealed and insisted

that the case be dismissed "with prejudice."  *Thomson*, 232 Mich. App. at 52-53, 592 N.W.2d at 88.

The *Thompson* court read *Yeo* as establishing the rule that "a failure to comply with a

requirement to submit to an EUO is not a complete bar to recovery, at least in the absence of wilful

noncompliance."  *Id.* at 53, 592 N.W.2d at 88.  In order to obtain a dismissal with prejudice, wilful

noncompliance must be shown.  The court defined "wilful noncompliance" as "a failure or refusal

to submit to an EUO or otherwise cooperate with an insurer in regard to contractual provisions

allowing an insurer to investigate a claim that is part of a deliberate effort to withhold material

information or a pattern of noncooperation with the insurer."  *Id.* at 50, 592 N.W.2d at 87.  But the

*Thompson* court also shifted the burden of proving the *absence* of wilful noncompliance to the

insured.  *Id.* at 51, 592 N.W.2d at 88 (announcing the rule that "the burden henceforth is on the

*insured* to demonstrate that the insured has not deliberately withheld material information").  The

court noted that when an insured refuses to submit to an EUO requested by the insurance company,

"[t]his burden will be an extraordinarily difficult one to meet."  *Ibid.*

The parties do not dispute that a contract existed between them in the form of the insurance

policy, a copy of which was attached as Exhibit 1 to the complaint.  They do not dispute that under

that policy the insurer had the duty to pay claims for covered losses.  The plaintiff alleges that it

complied with all of its duties under the complaint when submitting its claim, but the insurer

unreasonably refused to pay for its covered loss amounting to $2.6 million.  Under Michigan law,

that is sufficient to state a *prima facie* claim for breach of contract.

Cincinnati has cited no authority that supports the heightened pleading rule that it apparently

urges the Court to adopt, under which the plaintiff in any insurance dispute must not only prove at

the merits stage, but also must affirmatively plead in its complaint, that it "has not withheld any material information" requested by the insurer and "has not engaged in a pattern of noncooperation" obstructing the insurer's efforts to investigate the claim. Moreover, any such rule would contradict the express direction of Federal Rule of Civil Procedure 9(c), which states that "[i]n pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." The Federal Rules of Civil Procedure govern the pleading requirements in federal court. *Ridgway v. Ford Dealer Computer Servs, Inc.*, 114 F.3d 94, 98 n.5 (6th Cir. 1997) ("Of course, an argument that the federal district court should have followed Michigan's pleading requirements would have been meritless."); *see also Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 417 (2010) (Stevens, J., concurring) (reiterating the "long-recognized principle that federal courts sitting in diversity 'apply state substantive law and federal procedural law'" (quoting *Hanna v. Plumer*, 380 U.S. 460, 465 (1965))); *Long v. Adams*, 411 F. Supp. 2d 701, 706 (E.D. Mich. 2006) (noting that "the Supreme Court has held that it is inappropriate for a federal court to require pleading beyond Rule 8's basic formula" (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-13 (2002))).

Read in its entirety, the holding of *Thompson* makes clear that the court intended no new, special elements for a breach of insurance contract claim under Michigan law. Moreover, its rule only applies in a case where the record shows that the insured affirmatively refused to participate in an EUO. *Thomson*, 232 Mich. App. at 52, 592 N.W.2d at 88 (clarifying that "it will be the rare case indeed in which a claim by an insured that *its refusal to submit to an EUO* did not amount to wilful noncompliance is upheld" (emphasis added)). In such a case, the insured then must face a heavy burden of establishing that the explicit refusal to submit to the required EUO was not part of

-10-

a pattern of noncooperation, and that it nevertheless has supplied all material documentation that could be provided in support of its claim. The *Thompson* court explained that this presumption against the insured is necessary because the EUO is the only viable means for an insurer to determine whether material information has been withheld, and therefore when a claimant refuses to submit to an examination designed to explore that question, it must surmount a weighty presumption that the refusal itself constitutes a withholding and failure to cooperate.

*Thompson* did not establish an affirmative presumption, as the defendant would have it, that any insured who files a complaint has failed to cooperate, and that every insured plaintiff must be prepared to demonstrate in its pleadings that it has "not engaged in a pattern of noncooperation." In fact, as noted above, *Thompson* did not establish any pleading standard at all, but instead only determined the showing that a plaintiff must make in order to proceed on the merits of its claim, once evidence is in the record establishing that it explicitly refused to submit to a requested EUO.

Here, the pleadings do not establish that the defendant ever made any demand for an EUO to occur, specific or otherwise. The only references to an EUO that appear in the pleading papers are the defendant's allusion in the July 17, 2013 letter referencing its intent to "ask our attorneys" about arranging an EUO, and the plaintiff's subsequent response indicating that the plaintiff was ready to submit to an examination at any time, and demanding that the defendant schedule one promptly. Whether or not the subsequent communications between the parties will show that one or the other acted unreasonably in failing to schedule or failing to submit to an EUO is a question that cannot be answered until the record has been fully developed on this issue. The complaint asserts that the plaintiff fully complied with all of its duties under the policy, and, so far as they go, the documents attached to the complaint support that assertion.

-11-

III.

The plaintiff has stated a viable cause of action in its complaint.

Accordingly, it is **ORDERED** that the defendant's motion to dismiss [dkt. #7] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  July 14, 2014

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 14, 2014.

s/Shawntel Jackson
SHAWNTEL JACKSON